(19 App. Div. 372.)

## PFEFFER v. KLING et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

RECEIVERS—INJUNCTION.

By the judgment in an action to set aside a conveyance, as in fraud of the creditors of one W., a receiver of the property in question was appointed, with instructions to collect the rents of the premises, pay over the net income to the plaintiff, and to sell the premises. Subsequently, one P., claiming under an execution sale of the premises upon a judgment against W., brought an action of ejectment against the receiver and a party to whom he had agreed to sell the premises, and, in such action, applied for a temporary injunction to restrain the receiver from paying out the rents, as directed by the judgment appointing him. *Held*, that such injunction should not be granted.

Appeal from special term.

Action by Norberth Pfeffer against Philip Kling and others. From an order denying a motion for a receiver pendente lite, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, PATTERSON, and INGRAHAM, JJ.

Clarence L. Barber, for appellant.
Abram Kling, for respondents.

PATTERSON, J. This is an appeal from an order of the special term denying a motion made by the plaintiff to restrain Thomas B. Husted, a receiver of certain real estate in the city of New York, from paying out rents collected by him from said premises, and also denying an application for the appointment of another receiver of the rents of such premises. The motion is made in an action of ejectment, the plaintiff claiming to be entitled to the ownership and possession of the premises. The receiver, Husted, is a defendant in the action, and he was appointed by this court by a judgment entered

in February, 1897, in an action brought to set aside a certain conveyance of the same premises, as being in fraud of the creditors of one Rebecca Weisel, who was the owner thereof prior to the 5th of October, 1895, on which day she conveyed them to Joseph Weisel, her stepson, who was also a defendant in the action in which the receiver was appointed. Mr. Husted was directed by the decree to take possession of the premises, collect the rents thereof, apply the same to the "care and management" of the premises, and. then to pay to the plaintiff in that action a certain sum of money, and that he hold the balance subject to the further order of the court. He was also directed by the judgment to sell the premises, and to make proper conveyance of the same, to vest title in a purchaser. · The receiver's title is as of the 23d day of February, 1897, on which day the decree was entered. It .appears in the moving papers that the receiver has been in possession, and has collected rents from the date of his appointment. He has also, pursuant to the terms of the decree, sold the premises to the defendant Kling, but the actual transfer of the property by deed has not yet been made. The plaintiff claims title and the right to ·possession under a sale on execution against the property of Rebecca Weisel. That execution was issued on a judgment recovered by the people of the state of New York, on March 6, 1894. In November, 1894, the premises were sold by the sheriff to one Charles Smith. On December 8, 1894, the certificate of sale given by the sheriff was recorded in the office of the county clerk of the city and county of New York. That certificate was transferred by Smith to Chaim Weisel, the husband of Rebecca Weisel. In March, 1897, after the decree was entered by which Husted was appointed receiver, Chaim Weisel transferred the certificate of sale to the plaintiff; and on the 8th of March, 1897, the plaintiff obtained a deed from the sheriff, under which he now claims, and under which he brings this action of ejectment against Kling, the purchaser, from Husted, and against Husted, the receiver. It is apparent, therefore, that this action is simply one in ejectment, the ·question involved being whether Pfeffer, the plaintiff, under the sheriff's deed, is entitled to ·the possession of the premises in· question, as against ·the receiver and the receiver's vendee; and the court is now asked by this motion to determine, ·upon affidavits, that question of title so far as it affects the ownership of rents which have been collected by the receiver under the authority of his decree, and also to enjoin the performance of his duty to pay out money in accordance with the requirements of that decree.

No such interference by the court can be made· upon this motion. The paintiff's rights must be adjudicated in the regular way. If he is entitled to the possession of the property, he may also be entitled to recover the mesne profits while he has been deprived of possession, from the date at which he was entitled to take possession; and if the receiver had no lawful authority to collect the rents, as·against him, he will have his proper remedy in this action, but he must wait until his title is established in the action brought for that purpose. There is no more reason why an injunction should issue to restrain the receiver from disposing of the rents than there would be to issue one

against an individual in possession who was collecting the rents on his own account.  The whole subject is one which can only be disposed of on a full trial, in which the plaintiff must recover upon the strength of his own title, and in which he must show his clear right to the property, and to the rents, issues, and profits thereof, from the day on which his alleged right accrued.  It is perfectly clear that the defendants contest his title.  Injunctions are not issued in actions of ejectment; not even to restrain waste, when the right is doubtful, or where the defendant is in possession, claiming adversely.  A court of equity would not entertain jurisdiction to enjoin under such circumstances.  Storm v. Mann, 4 Johns. Ch. 22.  The whole purpose of this application was, evidently, either to have some question of fact affecting the title prejudged on this motion, or to do away with the effect of a decree requiring the receiver to do certain things for the benefit of a stranger to this action.  The latter object cannot be accomplished without the presence of that person in the case.

In every aspect in which this motion may be regarded, the order of the court below was right, and should be affirmed.  All concur.